IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGINIA A. SMITHERMAN, as Administratrix of the Estate of Trentina Valencia Smitherman, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 2:10-cv-894-MEF |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 10, filed December 22, 2010). Pending before the Court is Defendant's *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Doc. 15, filed January 27, 2011). For good cause, it is the recommendation of the Magistrate Judge to grant the motion to dismiss.

### I. PARTIES AND COMPLAINT

Plaintiff, Virginia A. Smitherman ("Smitherman" or "Plaintiff") is a resident of Montgomery, Alabama, which is within the Middle District of Alabama. On October 22, 2010, Smitherman filed a complaint against the United States of America ("United States" or "Defendant"). The case centers around the tragic death of her daughter, Trentina Valencia Smitherman, on October 28, 2007 from Metastatic Osteosarcoma. *See* Doc. 1 at p. 22.

Plaintiff seeks to bring suit as the administratrix ad litem of her daughter's Estate ("the Estate"). The case is filed against the United States under the Federal Tort Claims Act ("FTCA"). Specifically, Smitherman alleges that the actions and/or omissions of various federal government agencies proximately resulted in U.S. Army Medical personnel prescribing fluoride supplements to her then-minor daughter while they were residing in Germany.

The United States filed its motion to dismiss wherein it asserts Smitherman's claims merit dismissal because they are barred by the foreign country exception of the 28 U.S.C. § 2680(k) and because she cannot maintain an action on behalf of the Estate without counsel. Smitherman filed her response wherein she avers she can proceed *pro se* and further states that because the harm resulted from a U.S. military doctor at a U.S. Military installation then the foreign country exception is inapplicable. The motion is fully briefed and ripe for the Court's review.

## II. STANDARD OF REVIEW

### A.   Federal Rule Civil Procedure 12(b)(1) - Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*

*v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007)). A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n. 5.; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Further, for the purposes of the court's analysis, the allegations in the plaintiff's complaint are taken as true. *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942)). Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n. 5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997). The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (internal quotations omitted). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

**B.      Federal Rule Civil Procedure 12(b)(6) - Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

In other words, a complaint should be dismissed "when the allegations in a complaint,

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). Moreover, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545, 127 S.Ct. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id.* at 570, 127 S.Ct. at 1974; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 and further stating Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.).

### III. DISCUSSION AND ANALYSIS

Nothing under 28 U.S.C. § 1654 or FED. R. CIV. P. 17(c) permits Smitherman to proceed *pro se* on behalf of the Estate. *Cf. Reshard v. Britt*, 839 F.2d 1499 (11th Cir.1988) (en banc) (evenly split panel affirming district court's ruling disqualifying the deceased's estate representatives from proceeding *pro se* in a wrongful death suit); *see also Pogue v. Bradley*, No. 04-10430, slip op. (11th Cir. July 30, 2004) (per curium) (affirming this Court's dismissal of *pro se* complaint on behalf of an estate because administrator plaintiff could not proceed without counsel); *United States v. Falcone*, 2009 WL 199399, *1 (M.D. Fla. 2009)

(Executrix for Estate could not proceed *pro se* on behalf of the Estate). The Court also notes that under Alabama law, a pro se plaintiff may not file a complaint on behalf of anyone else, even an estate of which he is the executor. *Godwin v. State ex rel. McKnight*, 784 So.2d 1014, 1015 (Ala. 2000).

Smitherman attempts to rely on a dissenting opinion from *Reshard* wherein she argues that she can proceed *pro se* and that she has been appointed the administrator of the Estate by agreement with the only other living relative - Ted Smitherman (Trentina's father). *See* Doc. 20 at p. 3. She further argues that Defendant simply misunderstood § 1654. In fact, it is Plaintiff who misunderstands.

Permitting Plaintiff to proceed *pro se* on behalf of the Estate runs afoul of Alabama's prohibition of the authorized practice of law. Consequently, Plaintiffs cannot proceed *pro se* on behalf of the Estate and their claims must be dismissed.

The Court need not review Defendant's other basis for dismissal as it pertains to subject matter jurisdiction. A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice. *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)). As the Court has already concluded the case merits dismissal for lack of representation, further review is unnecessary.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Defendant's Motion to Dismiss (Doc. 15) be GRANTED;

(2) Plaintiff's claims be dismissed without prejudice because she cannot proceed *pro se* on behalf of the Estate.

(3) The Alternative Motion for Summary Judgment be DENIED as moot.

(4) Any other outstanding motions be DENIED as moot.

It is further ORDERED that the parties file any objections to this Recommendation on or before **July 29, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th of July, 2011.

                                                      /s/ Terry F. Moorer
                                                     TERRY F. MOORER
                                                     UNITED STATES MAGISTRATE JUDGE