IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA A. SMITHERMAN, as Administratrix of the Estate of Trentina Valencia Smitherman | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:10-cv-894-MEF [wo] |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## AMENDED REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 10, filed December 22, 2010). Pending before the Court is Defendant's *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Doc. 15, filed January 27, 2011). Also pending are Plaintiff's *Objections to Magistrate Judge's Recommendation to Dismiss* (Doc. 22, filed July 20, 2011) which the Court construes as a "Motion to Amend the Complaint." For good cause, it is the recommendation of the Magistrate Judge to deny the motion to amend the complaint (Doc. 22) and grant the motion to dismiss (Doc. 15).

### I. PARTIES AND COMPLAINT

Plaintiff, Virginia A. Smitherman ("Smitherman" or "Plaintiff") is a resident of

Montgomery, Alabama, which is within the Middle District of Alabama. On October 22, 2010, Smitherman filed a complaint against the United States of America ("United States" or "Defendant"). The case centers around the tragic death of her daughter, Trentina Valencia Smitherman, on October 28, 2007 from Metastatic Osteosarcoma. *See* Doc. 1 at p. 22. Plaintiff seeks to bring suit as the administratrix ad litem of her daughter's Estate ("the Estate"). The case is filed against the United States under the Federal Tort Claims Act ("FTCA"). Specifically, Smitherman alleges that the actions and/or omissions of various federal government agencies proximately resulted in U.S. Army Medical personnel prescribing fluoride supplements to her then-minor daughter while they were residing in Germany.

     The United States filed its motion to dismiss wherein it asserts Smitherman's claims merit dismissal because they are barred by the foreign country exception of the 28 U.S.C. § 2680(k) and because she cannot maintain an action on behalf of the Estate without counsel. Smitherman filed her response wherein she avers she can proceed *pro se* and further states that because the harm resulted from a U.S. military doctor at a U.S. Military installation then the foreign country exception is inapplicable.

     On July 15, 2011, a report and recommendation was issued wherein the magistrate judge recommended granting the motion to dismiss on the basis that Smitherman could not proceed *pro se* with a wrongful death suit on behalf of the Estate. On July 20, 2011, Smitherman filed her objections wherein for the first time she states that she seeks to bring

claims on her own behalf. *See* Doc. 22. As this is the first reference to claims being brought individually, the Court construes the objections as a motion to amend. The Court will now address Smitherman's claims individually as well as those on behalf of the Estate.

## II.  STANDARD OF REVIEW

A.     **Federal Rule Civil Procedure 12(b)(1) - Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007)). A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n. 5.; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Further, for the purposes of the court's analysis, the allegations in the plaintiff's complaint are taken as true. *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F.Supp.2d at 471 (citing

*Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942)). Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n. 5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997). The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (internal quotations omitted). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

**B.     Federal Rule Civil Procedure 12(b)(6) - Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing

*Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

In other words, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). Moreover, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 545, 127 S.Ct. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

face. *Id*. at 570, 127 S.Ct. at 1974; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 and further stating Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.).

### III. DISCUSSION AND ANALYSIS

A.     **Proceeding *pro se* on behalf of an Estate**

Nothing under 28 U.S.C. § 1654 or FED. R. CIV. P. 17(c) permits Smitherman to proceed *pro se* on behalf of the Estate. *Cf. Reshard v. Britt*, 839 F.2d 1499 (11th Cir.1988) (en banc) (evenly split panel affirming district court's ruling disqualifying the deceased's estate representatives from proceeding *pro se* in a wrongful death suit); *see also Pogue v. Bradley*, No. 04-10430, slip op. (11th Cir. July 30, 2004) (per curium) (affirming this Court's dismissal of *pro se* complaint on behalf of an estate because administrator plaintiff could not proceed without counsel); *United States v. Falcone*, 2009 WL 199399, *1 (M.D. Fla. 2009) (Executrix for Estate could not proceed *pro se* on behalf of the Estate). The Court also notes that under Alabama law, a pro se plaintiff may not file a complaint on behalf of anyone else, even an estate of which he is the executor. *Godwin v. State ex rel. McKnight*, 784 So.2d 1014, 1015 (Ala. 2000).

Smitherman attempts to rely on a dissenting opinion from *Reshard* wherein she argues that she can proceed *pro se* and that she has been appointed the administrator of the Estate by agreement with the only other living relative - Ted Smitherman (Trentina's father). *See* Doc. 20 at p. 3. She further argues that Defendant simply misunderstood § 1654. In fact, it

is Plaintiff who misunderstands.

Permitting Plaintiff to proceed *pro se* on behalf of the Estate runs afoul of Alabama's prohibition of the authorized practice of law. Consequently, Plaintiffs cannot proceed *pro se* on behalf of the Estate and those claims must be dismissed.

**B.     Individual Claims**

Smitherman brings her claims against the United States pursuant to the FTCA, 28 U.S.C. § 1346. Throughout her complaint and her response to the motion to dismiss, it is clear that she brought her claims as the Administrator of the Estate. However, in her objections, for the first time Smitherman claims that she brings this suit on her own behalf. *See* Doc. 22. As a result, she argues that she may proceed *pro se* on her own behalf. As this is the first reference to individual claims, the Court construes the objections as a motion to amend the complaint.

To the extent Plaintiff now seeks to amend her complaint through her objections as bringing claims individually, there is no point in granting the attempt to amend as the amendment would be futile. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005) ("[A] district court may dismiss when such amendment would be futile."); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue

prejudice to the opposing party; or (3) where amendment would be futile."). The Eleventh Circuit has explicitly "found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Sibley*, 437 F.3d at 1073 (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

The FTCA waives sovereign immunity in certain tort cases and gives federal district courts exclusive jurisdiction over claims against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b)(1); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 700, 124 S.Ct. 2739, 2747, `59 L.Ed.2d 718 (2004) (quoting § 1346(b)(1)). However, as the Supreme Court noted in *Sosa*, "the [FTCA] also limits the waiver of sovereign immunity in a number of ways. *Id*.

The applicable limitation on the waiver of immunity is the exception for "any claim arising in a foreign country." 28 U.S.C. § 2680(k). Smitherman's claims are premised on the actions by the U.S. Army medical personnel prescribing fluoride supplements for her daughter while they were at a United States military installation in Germany. *See* Doc. 20 at p. 6. Regardless of the fact that it occurred at a military post, the foreign claims exception still applies as it "bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa*, 542 U.S. at 712, 124 S.Ct. at 2754;

*see also Parrish v. United States*, 425 F.Supp.2d 1283, 1286 (M.D. Fla. 2006) (quoting *Sosa*). Moreover, to the extent Smitherman seeks to base her claims on decisions made in the United States regarding the use of fluoride, those claims would fall under the "Headquarters Doctrine." Headquarters claims "typically involve allegations of negligent guidance in an office within the United States of employees who cause damage while in a foreign country, or of activities which take place within a foreign country." *Sosa*, 542 U.S. at 701, 124 S.Ct. at 2748 (citation omitted). However, the Supreme Court already determined that the headquarters doctrine is inapplicable and the foreign claims exception still applies when the injury itself occurred in a foreign country. *Id*. at 712, 124 S.Ct. at 2754. Any claims brought by Smitherman individually would still merit dismissal and thus amendment is futile.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Plaintiff's Motion to Amend the Complaint (Doc. 22) be DENIED as futile;

(2) Defendant's Motion to Dismiss (Doc. 15) be GRANTED;

(3) Plaintiff's claims be dismissed;

(4) The Alternative Motion for Summary Judgment be DENIED as moot; and

(5) Any other outstanding motions be DENIED as moot.

It is further ORDERED that the parties file any objections to this Recommendation on or before **August 15, 2011.** Any objections filed must specifically identify the findings

in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st of August, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE